UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RAFAEL JONES,<br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID PAUL,<br><br>    Respondent. | Civil Action No. 5:24-003-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Rafael Jones filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible for First Step Act (FSA) time credits. *See* R. 1. The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Jones's petition. *See* R. 7. Jones then filed a reply in support of his petition. *See* R. 9. Thus, this matter is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Jones's request for relief. As an initial matter, the U.S. Attorney's Office represents that Jones was convicted of multiple federal crimes in the Northern District of Ohio, including being a felon in possession of a firearm and ammunition and distribution of fentanyl with specification causing death. *See* Rs. 7 and 7-1; *see also United States v. Rafael Jones*, No. 1:17-cr-0234-SL, at R. 38 (N.D. Ohio. Oct. 25, 2018). The latter conviction was made pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See Jones*, No. 1:17-cr-0234-SL, at R. 38. Jones was ultimately sentenced to a total of 144 months in prison. *See id.*

The Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute includes convictions under 21 U.S.C. § 841(b)(1)(C)—with death resulting from the use of the substance—as one such disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lviii). Given Jones's conviction under § 841(b)(1)(C), including the specification causing death, the BOP correctly determined that he was ineligible to earn FSA time credits. *See* R. 7-1 at 2. And since Jones has not clearly identified any binding case law or other legal authority that compels a different result, the Court will deny his petition.

Accordingly, it is **ORDERED** as follows:

1. Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 2nd day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY